NAWELI, Guardian, etc., *vs.* MARY A. AULD, *et al.*

EJECTMENT.   BEFORE JUDD, J.

JULY TERM, 1881.

Under §1287, Civil Code, a wife cannot, without the consent of her husband, alienate her property: and the subsequent death of the husband has no effect to validate such a conveyance.

A deed takes effect from its delivery, and if void then, is void always.

DECISION OF JUDD, J.

This is an action of ejectment for the possession of a tract of land at Kalaepohaku, Kapalama, Oahu; the plaintiff, Naweli, claiming title to one undivided moiety of the premises, for her said wards, by inheritance from Kahawalu, through Hooikaika, father of said minors, and McCandless claims the remaining moiety by purchase from other children of Hooikaika, who is now deceased.

The Jury was waived, and the following agreed statement of facts was filed by the parties:

1st. That one Kahawalu (w.) was seized in fee of the premises in controversy as set forth in the complaint, 1870, having at that time a husband living, Keoni by name.

2d. That on the 28th of March, 1870, said Kahawalu (w.) conveyed certain premises to one Kapule (k.) by deed recorded in Liber 29, on page 470; the said premises so conveyed being the "hapalua ma ka aoao mauka o kuu kuleana aina," and covering all or a portion of the premises in dispute, in which deed she was not joined by her said husband Keoni, who, since the death of Kahawalu, has himself died.

3d. That the said grantee of Kahawalu, Kapule, died without issue, leaving him surviving neither wife nor issue, but a brother Hooikaika, who was his sole heir-at-law; and that said Hooikaika has recently deceased, leaving him surviving his widow Naweli, and as heirs, his six children, Kamoa (k.), and others plaintiffs in this action.

The judgment of the Court is respectfully asked whether upon the deed aforesaid Kapule took the premises therein described in fee; whether said deed was wholly void, or only voidable by the non-joinder of the husband.

The defendant claims title to the said premises by virtue of a deed from Nainoa (k.) dated 13th June, 1870, recorded Liber 30, page 357, conveying to Mary Auld, the wife of defendant, all of his rights in the land of his sister Kahawalu, being the land in dispute.

If the decision of the Honorable Justice presiding shall be that Kapule took nothing by virtue of the said deed, judgment shall be entered for the defendant; if that he did, judgment shall be entered for the plaintiffs, it being understood that no rights of either party are in issue except as relating to the said deed.

### BY THE COURT.

The questions for the Court to decide are: 1st. Whether a conveyance by a married woman of her land, her husband not joining, is valid; and 2d. Whether such a deed becomes valid on the death of the husband.

"A wife is not bound by her warranty in a deed which she executes, nor by any covenants contained therein. This is the general common law rule in England and America; for this accords with the principle that married women are incapable of binding themselves by contract." Schouler's Domestic Rel., p. 155.

"Unless restrained by the terms of the settlement, a married woman may, since the Statute of 3 and 4, Wm. IV., Ch. 74, by joining in a deed with her husband convey any interest she has in real estate. Previous to that statute, this was usually done in England by levying a fine, which, as well as recoveries, is abolished by that statute." 1 Washburn, R. P. 281.

Bright, on Husband and Wife, 2d v. p. 38, says: That it is a general rule that deeds of married women are void, but that the husband may by his disclaimer give effect to a deed executed by his wife.

Our own statute on this subject is Sec. 1287 of the Civil Code. "The wife, whether married in pursuance of this article or heretofore, or whether validly married in this Kingdom or in some other country, and residing in this, shall be deemed for all civil purposes to be merged in her husband, and civilly dead. She shall not, without his consent, unless otherwise stipulated by anterior contract, have legal power to make contracts or to alienate and dispose of property, except as hereinafter provided."

The provision is made in following sections for a wife, in the absence of her husband from the Kingdom, becoming a sole trader.

The effect of Sec. 1287 is this: That as the wife cannot, without her husband's consent, make a contract or alienate or dispose of her property, her contracts and conveyances to which her husband does not consent by joining in their execution, are void and convey nothing.

And it follows necessarily that the subsequent death of the husband has no effect to remedy the original defect, for a deed takes effect from its delivery, and if void then it is void always.

Even if a deed of a married woman be delivered as an escrow and the husband die, and the grantee perform the condition, and the person to whom it was delivered gives it to the grantee as the woman's deed, it is void. 2 Bright, p. 38.

This principle of law has been frequently laid down by different judges of this Court.

The deed of Kahawalu to Kapule, in which Keoni the husband of Kahawalu did not join, is void, and the grantees' heir-at-law, Kahooikaika, took nothing by it. Judgment for defendants.

*Castle & Hatch,* for plaintiffs.

*E. Preston,* for defendants.

Honolulu, July 22d, 1881.